## G. M. WADHAMS v. THE STATE.

### No. 3823. Decided January 30, 1907.

**1.—Embezzlement—Charge of Court—Receipt—Delivery.**

Where upon trial for embezzlement, there was testimony showing that the defendant had a receipt from the person to whom he was to deliver the money alleged to have been embezzled, it was reversible error that the court refused to charge the jury that if defendant delivered the package of money in question to the party authorized to receive it, or if the jury had a reasonable doubt of such fact, to acquit the defendant.

**2.—Same—Charge of Court—Credibility of Witnesses.**

While it is not reversible error if the court fails to instruct the jury that they are the exclusive judges of the fact, still such charge should be given.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Pope.

Appeal from a conviction of embezzlement; penalty, three years imprisonment in the penitentiary.

The testimony of the express messenger was that he had inadvertently signed a receipt for the package of $300, which the defendant claimed he had handed the said messenger; that he had not in fact received said money, but thought he had signed a receipt for certain baggage.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney General, for the State.

BROOKS, JUDGE.—The appellant was convicted of embezzlement, and his punishment assessed at three years confinement in the penitentiary.

The facts in this case show that appellant was agent and clerk in the employ of the Gulf and Interstate Railway Company of Texas, a corporation duly incorporated under the laws of this State; and as such clerk received a $300 package of money to be delivered to the express agent, which agent was deputed to carry said money to Galveston. The facts show _circumstantially, and by positive testimony that this he did not do, but appropriated the money to his own use and benefit. The appellant insists that the court erred in failing to give the following special charge: "You are charged at the instance of the defendant that the uncontradicted proof in this · case shows that the express messenger or agent gave the defendant a receipt for the package of money in question, and unless the State has shown beyond a reasonable doubt that defendant did not actually deliver the package to the said agent or messenger, then it will be your duty to acquit the defendant." Furthermore, another special charge requested the court to charge the jury that if he did deliver the package to acquit him. While the above quoted charge is not properly worded, yet the court should have charged the jury that if the defendant delivered the package of money in question to the express messenger, or if the jury had a reasonable doubt of such fact, to acquit appellant. While the special charge is not properly drawn, it suggests one of appellant's defenses, and should have been given.

Appellant insists that the court erred in failing to charge the jury that they were the exclusive judges of the facts in the case, but not of the law, which they were bound to receive from the court and be governed thereby. We have held that it is not reversible error if the court fails to instruct the jury that they are the judges of the facts, but we believe that the court should uniformly instruct the jury that they are the exclusive judges of the facts and credibility of the witnesses. Upon another trial such a charge should be given. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*